# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

Amschel Rothschild El,

      Plaintiff,

v.

TuneCore, Inc.,

      Defendant.

Case No. 2:26-cv-00055-APG-DJA

**Order
and
Report and Recommendation**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis.* However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses the complaint with leave to amend.

Plaintiff has also filed a "motion for expedited accounting (equity)," motion "for escrow & interim injunction (unverified)," "motion to extend accounting and escrow to additional work ('647')," and motion to file electronically. (ECF Nos. 2, 3, 7, 10). The Court denies Plaintiff's motion for expedited accounting because it is a premature motion to compel discovery. (ECF No. 2). The Court recommends denying Plaintiff's motions for escrow and interim injunction and motion to extend accounting and escrow to additional work—which the Court interprets as motions for preliminary injunction—because Plaintiff does not meet the requirements for that relief. (ECF No. 3, 7).[1] The Court grants Plaintiff's motion to file electronically. (ECF No. 10).

---

[1] Because the Court interprets these motions to be motions for preliminary injunction, the assigned magistrate judge enters a recommendation to the assigned district judge regarding their disposition. 28 U.S.C. § 636(b)(1)(B).

## I.      *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 1).  Plaintiff asserts that he takes home $1,070.00 per month in Social Security Disability payments and pays $50.00 per month in transportation costs.  Plaintiff does not claim to have any other monthly expenses.  But he includes an address on the docket and a review of public records reveal that the address is the Salvation Army.  So, the Court finds that Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

## II.      Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues TuneCore, Inc. for damages and injunctive relief, bringing five causes of action. Plaintiff claims that he owns a sound recording titled "DREAMIN'" and that TuneCore has distributed the recording to music platforms and monetized the recording while failing to pay Plaintiff proceeds he is owed by virtue of that distribution. However, Plaintiff does not allege sufficient facts to state a claim upon which relief can be granted. *See Ashcroft*, 556 U.S. at 678 (explaining that the pleading standard does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). For

example, Plaintiff does not explain when he created the song, how TuneCore obtained it and when, or how TuneCore distributes it. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend.

**IV.     Plaintiff's motions.**

Plaintiff moves for an "expedited accounting (equity)," which motion asks the Court to compel TuneCore to provide Plaintiff with certain data. (ECF No. 2). However, Plaintiff's claims have not yet passed screening and discovery has not commenced. So, his motion is premature and the Court denies it.

Plaintiff also moves for "escrow & interim injunction (unverified)" and to "extend accounting and escrow to additional work ('647')." (ECF Nos. 3, 7). Plaintiff's first motion asks the Court to protect the status quo, presumably by placing the proceeds of his song into an escrow account. (ECF No. 3). Plaintiff's second motion asks the Court to extend all of the relief it grants in this case to another of Plaintiff's songs, titled "647." (ECF No. 7). The Court recommends denying both motions because Plaintiff does not make the required showing for preliminary injunctive relief. To obtain a preliminary injunction, Plaintiff must show that: (1) he is likely to succeed on the merits of his claim; (2) he is likely to suffer irreparable harm absent the preliminary injunction; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff has not shown that he is likely to succeed on the merits of his claim because the Court has dismissed his claims without prejudice for being too conclusory. Plaintiff has also not shown any of the remaining factors because his motions are also too conclusory. Additionally, if Plaintiff wishes to bring claims related to his other song, "647," he must amend his complaint to include his claims related to that song. So the Court recommends denying his motions seeking injunctive relief. (ECF Nos. 3, 7).

Plaintiff also moves to file electronically. (ECF No. 10). Under Local Rule IC 2-1(b), a *pro se* litigant may request the court's authorization to register as a filer in a specific case. Plaintiff appears to have access to a word processing program. Because the Court finds that Plaintiff is capable of filing electronically, it grants the motion. (ECF No. 10).

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **March 9, 2026,** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for an "expedited accounting (equity)," which motion the Court construes as a motion to compel discovery, (ECF No. 2) is **denied as premature.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file electronically (ECF No. 10) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and

(3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order and recommendation to Plaintiff.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for "escrow & interim injunction (unverified)" and to "extend accounting and escrow to additional work ('647')," which the Court construes as motions for preliminary injunctive relief, (ECF Nos. 3, 7) be **denied.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: February 6, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE